**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| VERA BARRERA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-1376-CM-GLR |
| GREGORY KROSKEY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff alleges that defendant, acting under color of state law, violated her Fourth Amendment right to be free from unreasonable searches when defendant searched her apartment without a warrant. Defendant moves for summary judgment, arguing that a constitutional violation did not occur because plaintiff's daughter consented to the search (Doc. 36). Plaintiff filed a cross-motion for summary judgment (Doc. 40). For the following reasons, the court grants defendant's motion for summary judgment and denies plaintiff's motion.

### I. Factual Background[1]

On June 2, 2012, defendant was investigating the theft of some tools. He was advised that plaintiff's adult daughter, Ana Ledesma, had been working in the area from which the tools were missing. Defendant was taken to an apartment and told that it was Ms. Ledesma's residence.

Ms. Ledesma came out of the apartment and spoke with defendant. Defendant explained why he was contacting her, and Ms. Ledesma told him that she did not have the tools. Defendant asked

---

[1] This factual background is based on the submitted facts that are properly supported and not disputed. Plaintiff failed to properly controvert any of defendant's statement of facts, so defendant's facts are deemed admitted. *See* Fed. R. Civ. P. 56(c), (e) (providing procedure for controverting facts and consequences for failing to properly support or address a fact). The court is mindful of plaintiff's pro se status and, therefore, liberally construes her pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But this generous review stops short of excusing procedural flaws or generating arguments on her behalf.

-1-

whether she lived in the apartment, and she said she did. Defendant then asked whether he could look around the apartment, and Ms. Ledesma told him to go on in. Defendant did not threaten Ms. Ledesma, and she agrees that he was professional and appropriate in his conduct towards her. Defendant did not have a warrant to search the apartment.

Ms. Ledesma followed defendant into the apartment. While in the apartment, defendant just looked around and did not move or rearrange any of the belongings inside the apartment. As he approached the back part of the apartment, defendant encountered plaintiff. Plaintiff told him to leave, and he did.

Although Ms. Ledesma is not on the lease, she considered the apartment her home. She had lived in the living room portion of the apartment for two or three months before defendant entered the apartment in June 2012. Ms. Ledesma had a dresser and closet for her clothing and her personal belongings in the apartment. She had a key to the apartment, received mail at the apartment, and was paying some form of rent. Plaintiff never told Ms. Ledesma that she could not access any part of the apartment. And plaintiff and Ms. Ledesma filed a federal complaint in another lawsuit in August 2012 alleging that plaintiff's apartment was Ms. Ledesma's residential address.

**II. Analysis**

Plaintiff brings a claim under 42 U.S.C. § 1983, alleging that defendant, while acting under color of law, violated her Fourth Amendment rights when he searched her apartment without a warrant. Defendant moves for summary judgment, arguing that no reasonable jury could find a constitutional violation because plaintiff's daughter consented to the search. *See* Fed. R. Civ. P. 56(a) (outlining the summary judgment standard); *see West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining

that a plaintiff asserting a claim under 42 U.S.C. § 1983 must establish a constitutional violation by a person acting under color of state law).[2]

The Fourth Amendment prohibits unreasonable searches of a person's home. A warrantless search of an individual's home is unreasonable unless the search falls within an exception. *United States v. Cos*, 498 F.3d 1115, 1123 (10th Cir. 2007). One exception to the warrant requirement is a consensual search. *Id.* at 1124.

Valid consent to search has two elements. *United States v. Sanchez*, 608 F.3d 685, 689 (10th Cir. 2010). First, the consent must be obtained from the owner of the property or, in certain circumstances, from a third party that possesses actual or apparent authority to consent to the search. *Id.* Second, the consent must be "freely and voluntarily given." *Id.*

Defendant argues that, based on the record evidence, no reasonable jury could find that Ms. Ledesma lacked actual authority to consent to the search of the apartment. The court agrees. A third party has actual authority to consent to the search of property when the third party has "mutual use of the property by virtue of joint access." *United States v. Rith*, 164 F.3d 1323, 1329 (10th Cir. 1999).

---

[2]    The briefing before the court does not address whether plaintiff or defendant has the burden of proving an exception to the warrant requirement. The court's own research indicates that the Tenth Circuit has not squarely addressed this issue at the summary judgment stage outside of the qualified immunity context. Specifically, in *Armijo ex rel. Armijo Sanchez v. Peterson*, 601 F.3d 1065 (10th Cir. 2010), the Tenth Circuit considered a summary judgment motion based on qualified immunity. In that case, the court stated that the "officers bear the burden of establishing that the threats posed exigent circumstances justifying the warrantless entry." *Id.* at 1070. To support this statement, the court cited a criminal case and provided little discussion of the issue.

In cases having a different procedural posture, the Tenth Circuit has suggested that the plaintiff has the burden of showing that an exception does not apply. *See, e.g.*, *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *2 (10th Cir. Sept. 2, 1997) (considering a challenge to the district court's jury instruction and noting that a "warrantless search of a residence gives rise to a presumption of unreasonableness" but "in a § 1983 civil rights suit where, as here, the defendant has come forward with evidence that the plaintiff consented to the search, the burden falls upon the plaintiff to prove that no consent was given, or that the consent given was involuntary"); *see also Copar Pumice Co. v. Morris*, No. 07-0079, 2009 WL 2431981 (D.N.M. July 8, 2009) (discussing objection to jury instruction outlining the burden of proof). This latter view is more consistent with the majority of other circuits. *See, e.g.*, *Der v. Connolly*, 666 F.3d 1120, 1127–28 (8th Cir. 2012) (discussing issue in context of a jury instruction and how other circuits have resolved the burden of proof). Regardless of the allocation of burden in this case, no reasonable jury could find for plaintiff on the record evidence.

Mutual use of the property by virtue of joint access is a fact-intensive inquiry. *Id.*; *see also Cos*, 498 F.3d at 1119 (outlining facts that suggest actual authority).

Here, the record establishes that Ms. Ledesma: (1) had a key to the apartment, (2) admitted she lived there, (3) considered the apartment her home, (4) listed the apartment as her residential address in a federal complaint filed in August 2012, (5) received mail at the apartment, (5) kept clothing and personal belongings at the apartment, (6) paid rent of some form, and (7) was never told that she could not access any part of the apartment. The only evidence identified by plaintiff that suggests that Ms. Ledesma lacked actual authority is the lease agreement, which does not list Ms. Ledesma. Although this lone fact is relevant, it is not controlling. *See United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974) (explaining that "common authority" is not based on property law). The court concludes that, in light of all the record evidence, no reasonable jury could find that Ms. Ledesma lacked actual authority.

Defendant also argues that no reasonable jury could find that Ms. Ledesma's consent was involuntary. Again, the court agrees. Consent is voluntary when there is clear and positive evidence that consent was "unequivocal and specific and freely and intelligently given" and the officers did not use any "implied or express duress or coercion." *Sanchez*, 608 F.3d at 690.

The undisputed facts in this case indicate that defendant asked Ms. Ledesma if he could look around the apartment, and she agreed. Defendant did not threaten Ms. Ledesma, and he was professional and appropriate in his conduct towards her. Plaintiff identifies no evidence suggesting that Ms. Ledesma did not understand defendant's request, that Ms. Ledesma lacked education or intelligence to comprehend his request and the associated consequences, or that Ms. Ledesma was pressured, badgered, or forced into giving consent. Rather, plaintiff generally argues that defendant "coerced" Ms. Ledesma. But, at this point in the case, "unsupported conclusory allegations . . . do not

create an issue of fact" and are insufficient to defeat summary judgment. *McKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

After reviewing the entire record and drawing all reasonable inferences in plaintiff's favor, the court finds that no reasonable jury could conclude that Ms. Ledesma lacked actual authority or that her consent was involuntary. Defendant is entitled to summary judgment on plaintiff's claim. The court grants defendant's motion for summary judgment and, for the same reasons, denies plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED** that defendant's Motion For Summary Judgment (Doc. 36) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Summary Judgment With Suggestions In Support And In Opposition To Defendant's Motion For Summary Judgment (Doc. 40) is denied.

Dated 17th day of June, 2013, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge